**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| JOHN DOE, on behalf of himself and all others similarly situated, | Case No. 1:25-cv-01765-PAB |
| Plaintiff, | Judge Pamela A. Barker |
| v. | |
| OHIO MEDICAL ALLIANCE LLC d/b/a OHIO MARIJUANA CARD, | **PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM** |
| Defendant. | |

## I. INTRODUCTION

The Court should permit the named Plaintiff to proceed in this putative class action lawsuit using a pseudonym to protect his privacy and to prevent public disclosure of his sensitive medical information. Requiring Plaintiff to reveal his name in the public record would not only jeopardize the privacy of his medical treatment, but also subject Plaintiff to the risk of federal prosecution because marijuana use remains prohibited under the 21 U.S.C. § 812(c), the Controlled Substances Act. Plaintiff respectfully requests to proceed under the pseudonym "John Doe" to protect himself from potential criminal exposure and reputational harm.

Defendant will not suffer prejudice from the requested relief sought by this Motion. Plaintiff merely seeks to keep his identity out of the public record. He does not seek to shield his identity from Defendant or this Court. Defendant can defend this case as it normally would, simply referring to Plaintiff as "John Doe" in the public record rather than by his true name.

## II. BACKGROUND

This putative class action involves a Cybersecurity Incident involving a publicly exposed

database that contained 957,434 records, with a total size of 323 GB, belonging to Defendant. ECF No. 1 ¶ 1. According to their website, Defendant has helped over 340,000 patients nationwide access medical marijuana. *Id.* ¶ 10. The company operates clinics in Ohio, Arkansas, Kentucky, Louisiana, Virginia, and West Virginia. Therefore, there are likely thousands of victims of Defendant's gross negligence. *Id.*

The publicly exposed database belonging to Defendant was recently discovered by a cybersecurity researcher. *Id.* ¶ 1. The database was not password-protected or encrypted and available to anyone with access to the internet, despite the fact it contained highly sensitive private identifying information and private health information ("PII/PHI") including (1) high-resolution images of driver's licenses or identification documents from multiple states; (2) complete copies of debit and credit cards; and (3) patient folders containing intake forms, medical records, release forms, physician certification forms with SSNs, and mental health evaluations. *Id.* ¶¶ 2-4. The medical documents within these folders indicated the patients' diagnosis and the reason they were seeking to be prescribed medical marijuana and also contained a large amount of internal communications, notes about clients, appointments, or personal situations—including an estimated 210,620 email addresses of clients and internal employees or business partners. *Id.* ¶¶ 3-4. The cybersecurity researcher who discovered the database immediately sent notice to Defendant, and although Defendant did not reply to the cybersecurity researcher, or notify its patients of the Cybersecurity Incident, the database was restricted from public access the following day. *Id.* ¶ 9. It is not known how long the database was available in the public domain. *Id.* Moreover, the publicly exposed records may *still* be available on internet archive websites, such as the Wayback Machine.[1]

---

[1] *See, e.g.,* Internet Archive WayBack Machine, https://web.archive.org, which is a digital archive of websites and online content that allows users to browse historical versions of web pages.

Plaintiff is a former patient of Defendant who secured an Ohio Marijuana Card from Defendant for medical, and not recreational, purposes. *Id.* ¶ 15.  In order to obtain medical services from Defendant, Plaintiff was required to provide his PII/PHI to Defendant, including at least his name, date of birth, address, phone number, email address, and financial account information, as well as the fact that he sought Defendant's services for medical purposes. *Id*. Plaintiff alleges that he and the proposed Class are victims of Defendant's negligence and inadequate cybersecurity measures. *Id.* ¶ 14. Specifically, Plaintiff and members of the proposed Class trusted Defendant with their PII/PHI. *Id.* But Defendant betrayed that trust when Defendant made records containing its employees' and patients' PII/PHI publicly available. *Id.*

The public exposure of one's PII/PHI is a bell that cannot be unrung. *Id.* ¶ 16. The publicly exposed medical records could potentially create serious privacy and security risks in the wrong hands. *Id.* ¶ 6. Indeed, the records contain detailed personal and health information that could potentially be exploited for harassment or extortion attempts. *Id.* Similarly, mental health is a deeply private issue that could be stigmatized by employers, friends, or family once publicly exposed. *Id.* ¶ 7. Likewise, marijuana remains illegal under federal law, and medical or recreational marijuana use is something that many people would want to remain private. *Id.* Aside from PHI, highly sensitive PII was also publicly available for an unknown amount of time, including Social Security Numbers. *Id.* ¶ 8. Social Security Numbers, especially when combined with the other categories of PII that were publicly available, increases the risk of identity theft or financial fraud. *Id.*

## III.    LEGAL STANDARD

Federal Rule of Civil Procedure 10(a) ordinarily requires that the parties to a lawsuit be named in the caption of the complaint. Nevertheless, courts in the Sixth Circuit permit a plaintiff

to proceed pseudonymously in some circumstances. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). The Sixth Circuit has recognized four situations in which pseudonyms are appropriate, commonly referred to as the "Porter factors": (1) Whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) Whether the prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) Whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) Whether the plaintiffs are children. *Porter*, 370 F.3d at 560 (quoting *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)). Courts also consider whether allowing a plaintiff to proceed by pseudonym would force a defendant "to proceed with insufficient information to present their arguments against the plaintiff's case." *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005).

## IV.  ARGUMENT

The *Porter* test is readily satisfied here due to the sensitive nature of Plaintiff's allegations and the risk public disclosure of his identity poses to Plaintiff. Plaintiff faces a severe risk of humiliation if his name is publicly disclosed in this lawsuit, associating him with the medical use of marijuana, which is a deeply private issue that could be stigmatized by employers, friends, or family once publicly exposed. Moreover, while federal enforcement in these circumstances may be rare, the risk of self-incrimination should not be dismissed lightly, as marijuana use is illegal under federal law. While Plaintiff does not challenge governmental activity (factor one) and Plaintiff is not a child (factor two), the overall weight of factors two and three favor anonymity. *See Doe v. Cuyahoga Cnty. – Off. of Cnty. Exec.*, No. 1:22-cv-01677, 2023 U.S. Dist. LEXIS 37135, at *8-9 (N.D. Ohio Mar. 6, 2023) (allowing the plaintiff to proceed anonymously where only factors one and two supported plaintiff's request).

4

**A.      Identifying Plaintiff Would Compel Admission of Illegal Conduct Under Federal Law**

Although Plaintiff's marijuana use is entirely legal under Ohio law, it remains a criminal offense under federal law. Marijuana remains classified as a Schedule I hallucinogenic substance under the Controlled Substances Act, 21 U.S.C. § 812(c). Proceeding in his real name would effectively compel Plaintiff to acknowledge engaging in conduct that, while protected under state law, remains subject to federal criminal penalties. Indeed, under the Constitution's Supremacy Clause, federal law takes precedence over conflicting state laws, so while individual states can enact their own marijuana legislation, all marijuana-related activities remain federal crimes.

Courts have long recognized that pseudonymity is appropriate where disclosure of identity would require public acknowledgment of potentially criminal behavior. *Stegall*, 653 F.2d at 186 (holding pseudonymity justified where disclosure "would compel plaintiffs to admit that they intend to engage in conduct that may subject them to criminal liability"). While federal enforcement in these circumstances may be rare, the risk of self-incrimination or the future use of admissions made in civil litigation should not be dismissed lightly, especially considering that the current administration's position on medical and recreational marijuana use is, at best, ambiguous.

Therefore, identifying Plaintiff would compel admission of illegal conduct under federal law, and further risks exposing Plaintiff to federal penalties. Given the federal illegality of marijuana use, despite its lawfulness under state law, compelling Plaintiff to proceed in his own name would pose a real risk of harm—legal, professional, and reputational. This factor weighs heavily in favor of granting Plaintiff's request to proceed pseudonymously.

**B.      Identifying Plaintiff Would Compel Disclosure of Information "of the Utmost Intimacy"**

For the second *Porter* factor to weigh in favor of a movant, the party requesting the pseudonym must typically demonstrate that there is a level of danger that the party or their family

5

may face if the party's identity becomes known. *Cuyahoga Cnty.,* 2023 U.S. Dist. LEXIS 37135, at *6; *Porter,* 370 F. 3d at 560. For instance, in *Porter*, the Sixth Circuit noted that by filing the suit, the plaintiffs "made revelations about their personal beliefs and practices that are shown to have invited an opprobrium analogous to the infamy associated with criminal behavior" and accordingly allowed the plaintiffs to proceed pseudonymously. *Porter*, 370 F.3d at 560 (quoting *Stegall*, 653 F.2d at 186).

Plaintiff's case squarely fits within this framework. Not only is marijuana use actually illegal under federal law, exposing Plaintiff to the risk of federal prosecution and/or penalties as discussed *supra,* but the fact that one uses or has used marijuana is also information "of the utmost intimacy" that could be stigmatized by employers, friends, or family once publicly exposed. Indeed, many employers can—and do—prohibit marijuana use, even whether it is legal under state law. Although Ohio legalized recreational marijuana use in November 2023, the law does not require employers to accommodate marijuana users. Under Ohio Revised Code § 3796.28, employers may (1) refuse to hire, discipline, or terminate employees for marijuana use; (2) enforce "drug-free" workplace or zero-tolerance policies; and even (3) deny workers' compensation or unemployment benefits if the employee is terminated for violating a workplace drug policy. By filing this suit and effectively admitting to marijuana use, Plaintiff could place his livelihood at risk.

Additionally, the compelling interest in preserving medical privacy is well recognized. Federal law strictly protects the privacy of medical information, including under the Healthcare Information Portability and Accountability Act, 42 U.S.C. § 1320d *et seq.* Likewise, courts have routinely allowed anonymous proceedings where the litigation relates to sensitive medical issues. *See*, *e.g.*, *James v. Jacobson*, 6 F.3d 233, 239-40 (4th Cir. 1993) (reversing order denying use of

6

pseudonyms in case involving sensitive medical information regarding artificial insemination); *Doe v. City & Cnty. of San Francisco*, No. 16-cv-06950, 2017 U.S. Dist. LEXIS 64291, at *5-6 (N.D. Cal. Apr. 27, 2017) (allowing anonymous proceedings to avoid disclosure of HIV status); *Roe v. Catholic Health Initiatives Colorado*, No. 11-cv-02179, 2012 U.S. Dist. LEXIS 713, at *9 (D. Colo. Jan. 4, 2012) (allowing pseudonym where plaintiff alleged that defendant improperly disclosed medical information and requiring disclosure of her name would "thereby exacerbate the very privacy violations underlying her lawsuit"); *Doe v. Sessions*, Civ. No. 18-0004, 2018 U.S. Dist. LEXIS 165829, at *12-13 (D.D.C. Sept. 27, 2018) (allowing use of pseudonym where plaintiff alleged that defendants wrongfully disclosed his Asperger's Syndrome). Plaintiff's case relates to the unlawful publication of Plaintiff's and other patients' deeply private medical information, including medical diagnoses and treatment. Requiring Plaintiff to reveal his true name in this lawsuit would make deeply private medical information an indelible part of the public record – *i.e.*, the fact that he has or had a medical condition that is or was being treated by marijuana. Associating Plaintiff's name with permanent, searchable court records would exacerbate the very harm he suffered through the Cybersecurity Incident, which represent a grave violation of his privacy.

This risk of stigma and emotional distress that would follow such disclosure justifies the use of a pseudonym. Anonymity is appropriate to preserve Plaintiff's privacy here, given that identifying Plaintiff would compel disclosure of information "of the utmost intimacy."

### C. Defendant Faces No Meaningful Prejudice

There is no prejudice to Defendant in allowing Plaintiff to proceed anonymously. Plaintiff does **not** seek to conceal his identity from Defendant and will disclose that information to Defendant on a confidential basis. He merely seeks to prevent the parties from making their

identities a part of the public record. As such, Defendant's ability to defend this action will not be affected. Anonymous treatment will merely prohibit Defendants from outing Plaintiff as a marijuana user in public filings. This is no different from any other case involving highly confidential information – *e.g.*, trade secrets litigation. The federal courts handle such litigation routinely and are well equipped to manage it, including through protective orders, sealing, and the like. Indeed, Defendant is obligated to protect sensitive medical records pursuant HIPAA and other privacy laws in any event.

Additionally, this case presents legal and factual issues that can be litigated fully and publicly without revealing Plaintiff's name. The public's interest in judicial transparency is protected through access to the court's rulings, reasoning, and filings—redacted only as to Plaintiff's identity.

### D.       A Protective Order is Appropriate

In addition to allowing Plaintiff to proceed anonymously, Plaintiff respectfully requests a simple protective order prohibiting other parties from disclosing his name in public filings and requiring personally identifying information to be filed under seal. These protections are appropriate to effectuate the anonymous treatment of Plaintiff.

### V.       CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court allow him to proceed in this action under his elected "John Doe" pseudonym and issue a protective order prohibiting the disclosure of his name in the public record in the form submitted herewith.

Dated: September 3, 2025                    Respectfully submitted,

*/s/ Terence R. Coates*
Terence R. Coates (0085579)
Dylan J. Gould (0097954)
**MARKOVITS, STOCK & DEMARCO, LLC**

119 East Court Street, Suite 530
Cincinnati, Ohio 45202
Telephone: (513) 651-3700
Facsimile: (513) 665-0219
tcoates@msdlegal.com
dgould@msdlegal.com

Raina C. Borrelli (*pro hac vice* motion pending)
STRAUSS BORRELLI, PLLC
980 N. Michigan Ave., Suite 1610
Chicago, Illinois 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
raina@straussborrelli.com

*Attorneys for Plaintiff and the Proposed Class*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 3, 2025, I transmitted the foregoing to a process server, to be served personally upon Defendant with the Summons and Complaint herein, together with the Motion for Permission to Appear *Pro Hac Vice* of Raina C. Borrelli (ECF No. 3), of which return will be made when executed.

*/s/ Terence R. Coates*
Terence R. Coates (0085579)